**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOROTHY GRACE MARIE
MARAGLINO,

No.   19-16189

Plaintiff-Appellant,

D.C. No. 1:17-cv-01535-LJO-BAM

v.

MEMORANDUM[*]

J. ESPINOSA, Warden; C. COOPER,
Associate Warden,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

California state prisoner Dorothy Grace Marie Maraglino appeals pro se

from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging

federal and state law violations in connection with restitution payments. We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(b)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Maraglino's due process claim arising from the withholding of restitution and fees from deposits to her inmate trust account because Maraglino had an adequate postdeprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

The district court properly dismissed Maraglino's due process claim arising from the treatment of her prison appeals because Maraglino "lack[s] a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Maraglino's state law claims because the court

dismissed the federal claims over which it had original jurisdiction. *See* 28 U.S.C.

§ 1367(c)(3); *Lacey v. Maricopa County*, 693 F.3d 897, 940 (9th Cir. 2012) (en

banc).

      **AFFIRMED.**